UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

DMITRY SHKOLNIK, and other similarly situated individuals,

        Plaintiffs,

v.

PIRIPI VMP, LLC d/b/a 320 Gastrolounge,
J & E ENTERTAINMENT GROUP, LLC
and ERIC CORRO, RICARDO WILSON
and AGUSTIN ABALO,

        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, DMITRY SHKOLNIK ("Plaintiff") and other similarly situated individuals, sue the Defendants, PIRIPI VMP, LLC d/b/a 320 Gastrolounge, J & E ENTERTAINMENT GROUP, LLC and ERIC CORRO, RICARDO WILSON and AGUSTIN ABALO (collectively the "Defendants") and allege:

### PARTIES, JURISDICTION AND VENUE

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States and for unpaid wages and worker's compensation retaliation under Florida law. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. The Court has supplemental jurisdiction over the state law claim for retaliatory discharge because the facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

3. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. PIRIPI VMP, LLC d/b/a 320 Gastrolounge and J & E ENTERTAINMENT GROUP, LLC (the "Corporate Defendants") and ERIC CORRO, RICARDO WILSON and AGUSTIN ABALO (the "Individual Defendants"), are Florida companies and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

5. The Corporate Defendants are entities engaged in related activities, which perform through a unified operation, with a common ownership, with a common business purpose, under the common control and administration of the same individuals.

6. The Corporate Defendants share offices and employees.

7. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise. Alternatively, each company is a covered enterprise under the Act.

8. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is a covered enterprise under the Act.

**COUNT I: WAGE AND HOUR VIOLATION BY
PIRIPI VMP, LLC d/b/a 320 Gastrolounge and
J & E ENTERTAINMENT GROUP, LLC (OVERTIME)**

9. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-8 above as if set out in full herein.

10. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was/will be at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

12. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are restaurants and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a Manager for the Corporate Defendants' restaurant business.

13. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 77 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a Manager performing the same or similar duties as that of those other similarly situated employees whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

14. Plaintiff worked for the Corporate Defendants from approximately 09/03/2016 to 09/17/2016. In total, Plaintiff worked approximately 2 compensable weeks under the Act.

15. The Corporate Defendants were to pay Plaintiff $24.03 per hour.

16. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

17. Plaintiff seeks to recover overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

18. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

    a. **Actual Damages:** $2,667.33

        i. <u>Calculation</u>: $24.03 (hourly pay) x 1.5 (overtime rate) x 37 (approximate number of overtime hours) x 2 (compensable weeks) = $2,667.33

    b. **Liquidated Damages:** $2,667.33

    c. **Total Damages:** $5,334.66 plus reasonable attorneys' fees and costs of suit.

19. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

20. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate

Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

21. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

22. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY ERIC CORRO, RICARDO WILSON and AGUSTIN ABALO (OVERTIME)

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. At the times mentioned, the Individual Defendants were, and are now, the Owners and/or Officers of the Corporate Defendants. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendants, were involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

25. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

26. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

27. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 8 above as if set out in full herein.

29. Defendants employed Plaintiff from approximately September 3, 2016, through September 17, 2016.

30. Defendants employed Plaintiff as a manager and contracted with Plaintiff to pay him $24.03 per hour.

31. All the hours worked by Plaintiff were worked within the State of Florida.

32. Defendants have not paid Plaintiff for approximately 144 hours of work at $24.03 each hour.

33. Defendants owe Plaintiff unpaid wages in the amount of at least $3,460.32.

34. As a result, Plaintiff has been damaged.

35. Defendants owe Plaintiff his wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Plaintiff prevail on this claim.

36. Plaintiff has retained undersigned counsel to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff respectfully requests this Court grant the following relief:

A. An award to Plaintiff for actual damages in the amount shown to be due for unpaid wages, with interest;

B. Costs of this action, together with reasonable attorneys' fees;

C. Such other and further relief as this Court deems equitable and just.

### COUNT IV: RETALIATORY DISCHARGE UNDER 440.205, FLORIDA STATUTES (CORPORATE DEFENDANTS ONLY)

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-8 above as if set out in full herein.

38. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

39. This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs.

40. The Corporate Defendants are Florida companies duly organized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

41. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

42. All conditions precedent to bringing this action have occurred, been performed or been excused.

43. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

44. At all times relevant, Plaintiff was employed by the Corporate Defendants as a Manager.

45. On or about September 17, 2016, the Plaintiff suffered a work-related injury. The injury happened while Plaintiff was working for the Corporate Defendants.

46. The injury alleged above required medical treatment.

47. After the work-related accident as described above, the Plaintiff reported his injury to the Corporate Defendants and requested medical treatment.

48. The Corporate Defendants refused to provide Plaintiff with any medical treatment.

49. Specifically, Plaintiff was told that the Corporate Defendants' worker's compensation was "not set up."

50. Instead, the Corporate Defendants fired Plaintiff later that day.

51. Upon his firing, Plaintiff was told "we cannot have an opening with an injured manager."

52. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason or one of the motivating factors for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek treatment and compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

53. One of the motivating factors, which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et seq.

54. Alternatively, the Plaintiff would not have been fired but for his claiming or attempt to claim worker's compensation benefits as described above.

55. The Corporate Defendants' act of discharging Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

56. By reason of the Corporate Defendants' wrongful act as described above, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

57. The Corporate Defendants' conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Corporate Defendants for all back wages from the date of discharge and all other damages available under 440.205 Florida Statutes; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: October 24, 2016.

Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800

 Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549